HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER KEHEW,

          Plaintiff,

    v.

LAURA-JEAN FREMOUW,

          Defendant.

Case No. C04-5792 RBL

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS

This matter comes before the Court on Defendant Fremouw's Motion to Dismiss for lack of personal jurisdiction [Dkt. #9]. Plaintiff argues that Fremouw has not properly attacked personal jurisdiction, and alternatively if she has, that Fremouw has purposefully availed herself to the forum state [Dkt. #13]. The Court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file herein.

**Factual and Procedural History**

Plaintiff Kehew is a resident of Vancouver, Washington and a former attorney who now seeks employment in the Vancouver area. Prior to moving to Washington, he had lived in Idaho with his ex-wife and their children. Defendant Fremouw is a retired resident of Rathdrum, Idaho. Plaintiff Kehew seeks damages in excess of $75,000 for alleged libel and slander by Fremouw. He alleges that Fremouw's defamation has prevented his gainful employment in Vancouver, Washington and that it has been injurious to him there.

The basis of Kehew's complaint is an affidavit signed by Fremouw. The affidavit was written as part of a criminal complaint Defendant Fremouw filed against the Plaintiff. That complaint was made to Idaho state police and it concerned the conduct of Kehew in Idaho. It appears that Fremouw is a neighbor of Kehew's ex-wife and is concerned with the relationship between Kehew and his family. The affidavit described Fremouw's observations of that relationship and made more general descriptions of Kehew. The basis of the Idaho complaint was Kehew's alleged assault and battery of Fremouw. The Idaho complaint was dismissed by local police. Kehew alleges, however, that Fremouw continues to discuss the allegations "published" in the affidavit. He alleges that Fremouw continued to slander him by discussing him with the local Idaho community, his family, and his former employer, North Idaho College. Kehew argues the harms associated with this slander extend to him in Vancouver, Washington, which provides this court with personal jurisdiction over Fremouw.

**Personal Jurisdiction over Defendant Fremouw**

Washington's long arm statute (RCW 4.28.185) represents legislative intent to assert personal jurisdiction over a foreign entity to the full extent permitted by due process. *Byron Nelson Co. v. Orchard Management Corp.*, 95 Wn. App. 462, 975 P.2d 555 (1999). Analysis of jurisdiction under a long-arm statute involves two separate issues: (1) does the statutory language purport to extend jurisdiction, and (2) would imposing jurisdiction violate constitutional principles. *See Grange Ins. Ass'n. v. State of Idaho,* 110 Wn.2d 752, 756, 757 P.2d 933 (1988).

The seminal case on the requirements of due process is *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This case established that "Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." In Washington three criteria have been articulated for making this determination in the specific jurisdiction context: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection

ORDER
Page - 2

of the laws of the forum state afforded the respective parties, and the basic equities of the situation. *See, e.g., Perry v. Hamilton*, 51 Wn. App. 936, 756 P.2d 150 (1988). *See also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (outlining essentially similar three part test for federal due process analysis of specific jurisdiction). All three of the criteria must be met when the alleged tort does not occur in the forum state but its effects do. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985) (*Burger King* test).

Plaintiff Kehew does not meet his burden under the *Burger King* test. First, Defendant Fremouw has not purposefully availed herself to Washington. The purposeful availment requirement is satisfied where a defendant commits a wrongful intentional act, the act is expressly aimed at the forum state, and the defendant knew (or reasonably should have known) that it would be suffered in the forum state. *See Dole Food Co., Inc. v. Watts,* 303 F3d. 1104, 1111 (9th Cir. 2002). Considering the facts in the light most favorable to the non-moving party, Kehew, only the first prong of the purposeful availment test is met. The Court assumes that Fremouw's actions were slander in Idaho. Plaintiff Kehew then argues Fremouw falls under the second and third prongs. Kehew asserts the Defendant expressly aimed her actions at the forum state because her defamation was directed at Kehew, who is now a resident of Washington. Plaintiff confuses tortious action aimed at a forum resident and action that targets the forum state. *See Casualty Assurance Risk Ins. Brokerage Co. v. Dillon,* 976 F2d. 596, 601 (9th Cir. 1992) (distinguishing between effect of tort being felt in forum state and effect of tort being directed toward forum state). The latter shows purposeful availment. *See Schwarzenegger,* 374 F3d. at 807 (actions not expressly aimed at forum state when Ohio auto dealer used California Governor's likeness in advertisements because the ads were aimed at Ohio *customers*, rather than California, where the Governor sat).

Fremouw did not expressly aim her actions at the forum state. Kehew's complaint consistently refers to the alleged slander and libel occurring in Idaho and her comments being directed toward Idaho residents. This does not confer personal jurisdiction in Washington. *See, e.g., Calder v. Jones,* 465 U.S. 783, 788 (1984) (allowing personal jurisdiction over non-resident defendant in defamation case because defendant had "expressly aimed" at forum state).

The alleged tort was not suffered in Washington for jurisdictional purposes. The "brunt of the harm" must be suffered in the forum state. *See Core-Vent Corp. v. Nobel Industries,* 11 F.3d 1482, 1486 (9th Cir.

1993). Here, the brunt of the harms were in Idaho. *Plaintiff's Complaint,* [Dkt. # 1]. Plaintiff argues, however, that he suffered emotional distress from the alleged tort after he moved to Washington. This argument ignores a vital distinction. In determining where injury occurred for jurisdictional purposes, actual injury must be distinguished form its resultant consequences, such as pain and suffering, economic effects or other "collateral consequences" that often stem from actual injury. *See, e.g., Jobe v. ATR Marketing, Inc.,* 87 F.3d 751, 754 (5th Cir. 1996). Washington's only connection to the alleged tort is its consequences, rather than the "brunt" of the injury. For the aforementioned reasons, this does not entail that Defendant Fremouw has purposefully availed herself to the forum state.

Plaintiff Kehew also fails the third part of the *Burger King* test.[1] The assertion of personal jurisdiction over Fremouw by this Court does not comport with notions of fair play and substantial justice. The tort did not arise here and it would be inconvenient to litigate in Washington for all persons involved save for Kehew. *See Terracom v. Valley Nat'l Bank,* 49 F3d 555, 561 (9th Cir. 1995) ("The law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden.").

It is therefore **ORDERED** that Defendant's motion to dismiss is **GRANTED.** The Clerk is directed to send uncertified copies of this Order to all counsel of record.

Dated this 10th day of May, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] Incidently, Plaintiff meets the second prong of the *Burger King* test. Plaintiff's lawsuit arises out of Defendant Fremouw's alleged act. But all three prongs must be met.

ORDER
Page - 4